In re Petition for DISCIPLINARY AC-
TION AGAINST Suzanne K. BASIA-
GO, a Minnesota Attorney, Registra-
tion No. 237139.

No. A03–1746.

Supreme Court of Minnesota.

Aug. 12, 2004.

## ORDER

On April 23, 2003, this court suspended petitioner Suzanne K. Basiago from the practice of law and established the following conditions for petitioner's reinstatement: (1) completion of a four-month period of suspension; (2) payment of $900 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility (RLPR); (3) compliance with the requirements of Rule 26, RLPR; (4) successful completion of the professional responsibility portion of the state bar examination; and (5) satisfaction of continuing legal education (CLE) requirements.

Petitioner has filed a petition requesting reinstatement with this court stating she has fulfilled the terms of the disciplinary order with respect to reinstatement. The Lawyers Professional Responsibility Board Panel, after conducting a hearing on reinstatement on June 2, 2004, concluded that petitioner has satisfied the conditions required for reinstatement and recommends that petitioner be reinstated to the practice of law subject to supervised probation. The panel recommends that the probation terminate two years after petitioner's reinstatement or two years after petitioner resumes the private practice of law, whichever is later, and be subject to the following terms and conditions, all of which were recommended by the Director of the Office of Lawyers Professional Responsibility (Director) and voluntarily accepted by petitioner:

1. Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with her probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of probation.

2. Petitioner shall abide by the Minnesota Rules of Professional Conduct (MRPC).

3. Petitioner shall continue her treatment with Ms. Patricia Peterson or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by Ms. Peterson or other approved mental health professional.

4. Petitioner shall notify the Director when she resumes the private practice of law. Petitioner shall thereafter comply with the following additional terms: (i) Petitioner shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor petitioner's compliance with the terms of this probation and adherence to the business plan she has developed. Prior to resuming the private practice of law, petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has been appointed, petitioner shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (ii) below. Petitioner shall make active

client files available to the Director upon request.

(ii) Petitioner shall cooperate fully with her supervisor in his/her efforts to monitor compliance with her probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(iii) Petitioner shall initiate and maintain office procedures that ensure that she promptly responds to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which petitioner is handling, and that will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.

(iv) If petitioner maintains a trust account, she shall maintain trust account books and records (including a checkbook register, client subsidiary ledgers, trial balances and reconciliations) in compliance with Rule 1.15, MRPC, and LPRB Opinion No. 9, and shall have those records reviewed and approved by a certified public accountant on at least a monthly basis. Petitioner shall also make her trust account books and records available to the Director at such intervals as the Director deems necessary to verify compliance.

The Director concurs with the panel's recommendation.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that petitioner Suzanne K. Basiago is reinstated to the practice of law in the State of Minnesota, effective immediately, and is placed on supervised probation for a minimum of two years subject to the terms and conditions recommended by the panel and set forth above.

BY THE COURT:

/s/Paul H. Anderson
Associate Justice